UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

David C. Sharp

 Plaintiff,

vs.       CASE NO.: 07-cv-2035

Capitol City Brewing Company, LLC.

 Defendant.

**PLAINTIFF'S RULE 56**
**MOTION FOR SUMMARY JUDGMENT**

 Plaintiff hereby moves for summary judgment pursuant to Rule 56 and is entitled to judgment as a matter of law as there is no issue of material fact with respect to the fact that readily removable architectural barriers to access violative of 42 U.S.C. 12181 et seq. (Title III of the Americans with Disabilities Act) exist at defendant's place of public accommodation, a restaurant known as the Capitol City Brewing Company, located at 1100 New York Ave., NW, Washington, D.C., and that removal of said architectural barriers to access is both readily achievable and technically feasible.

Respectfully submitted:


_____/s/_____
Joel R. Zuckerman
D.C. Bar No.
Maxwell & Barke LLC
*Attorneys for Plaintiff*
51 Monroe St., Suite 806
Rockville, Maryland 20850
Telephone:      (301) 309-8300
Facsimile:      (301) 309-8303


<u>Certificate of Service</u>

I hereby certify that on March 20th, 2008, I furnished a true and correct copy of the foregoing document, via this Court's ECF System:

Elizabeth Menist
Stephanie E. Carnes
700 E. Street, SE
Washington, D.C. 20003
<u>sec@estreetlaw.com</u>


/s/
_____
Joel R. Zuckerman

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

David C. Sharp

 Plaintiff,

vs.        CASE NO.: 07-cv-2035

Capitol City Brewing Company, LLC.

 Defendant.

**PLAINTIFF'S RULE 7(h)**
**STATEMENT OF MATERIAL FACTS**
**AS TO WHICH THERE IS NO GENUINE ISSUE**

1. Plaintiff David C. Sharp is an individual with a disability, and requires the use of a wheelchair for mobility.

2. Plaintiff visited defendant's place of public accommodation, a restaurant, known as the Capitol City Brewing Company ("Restaurant"), located at 1100 New York Avenue, Washington, D.C. Plaintiff intends to return to the restaurant.

3. Defendant owns and operates the Restaurant.

4. Plaintiff encountered the barriers to access set forth in his complaint during his visit to the Restaurant.

5. Plaintiff was unable to enter the "accessible" toilet stall because it was too narrow, and was unable to use the sink in the toilet room because a panel located

underneath the counter top prevented him from being able to maneuver his wheelchair close enough to reach the faucet controls.

6. The accessible toilet stall is less than 60" wide.

7. There is a panel underneath the sink counter top that prevents Mr. Sharp from being able to pull his wheelchair close enough to the faucet controls to be able to use the sink.

8. The removal of the architectural barriers to access at the Restaurant is both readily achievable and technically feasible.

Respectfully submitted:

_____/s/_____
Joel R. Zuckerman
D.C. Bar No.
Maxwell & Barke LLC
*Attorneys for Plaintiff*
51 Monroe St., Suite 806
Rockville, Maryland 20850
Telephone:    (301) 309-8300
Facsimile:    (301) 309-8303

<u>Certificate of Service</u>

       I hereby certify that on March 20th, 2008, I furnished a true and correct copy of the foregoing document, via this Court's ECF System:

                    Elizabeth Menist
                    Stephanie E. Carnes
                    700 E. Street, SE
                    Washington, D.C. 20003
                    <u>sec@estreetlaw.com</u>

                    /s/
                    _____
                    Joel R. Zuckerman

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

David C. Sharp

    Plaintiff,

vs.                          CASE NO.: 07-cv-2035

Capitol City Brewing Company, LLC.

    Defendant.

**PLAINTIFF'S MEMORANDUM IN
SUPPORT OF HIS RULE 56
MOTION FOR SUMMARY JUDGMENT**

Plaintiff David Sharp is a quadriplegic who uses a motorized wheelchair to get around town.  During his visit to the Capitol City Brewing Company, a restaurant located at 1100 New York Ave., Washington, D.C., Mr. Sharp could not use the restroom because, among other things, his wheelchair did not fit into the toilet stall or under the sink.  Hence, this action, setting forth the existence of architectural barriers to access violative of 42 U.S.C. 12181 et seq. (Title III of the Americans with Disabilities Act ("ADA")), was filed.

Plaintiff now seeks summary judgment as to the following undisputed issues:

    (1)  plaintiff is an individual with a disability and uses a wheelchair for mobility and otherwise has standing to bring this action;

(2)    there are architectural barriers to access at the
       defendant's restaurant; and

(3)    removal of same is both readily achievable and
       technically feasible.

A party is entitled to judgment as a matter of law under Rule
56 where there is no genuine issue of material fact and it is clear
that the moving party is entitled to judgment as a matter of law.
Fed.R.Civ.P. 56(c); Tao v. Freeh, 27 F.3d 635 (D.C. Cir.1994).

Pursuant to *42 U.S.C. § 12182*(a) "No individual shall be
discriminated against on the basis of disability in the full and
equal enjoyment of the goods, services, facilities, privileges,
advantages, or accommodations of any place of public
accommodation by any person who owns, leases (or leases to), or
operates a place of public accommodation."  Discrimination under
this statute includes both "a failure to remove architectural
barriers, and communication barriers that are structural in
nature, in existing facilities ... where such removal is readily
achievable...". *42 U.S.C. § 12182 (b)(2)(A)(iv).*

In order to establish standing in a case brought under *42
U.S.C. § 12182*, the plaintiff "...must demonstrate that the
conduct complained of will cause the injury alleged and that it
is likely, not speculative, and the injury will be prevented by a
favorable decision." Levy v. Mote, 104 F. Supp.2d 538, (D, Md,
2000), citing Proctor v. Prince George's Hosp. Center, 32 F.

Supp. 2d 830, 832 (D. Md. 1998).  So long as the barriers remain at the restaurant, and without an order requiring defendant to remove those barriers, plaintiff is subject to a real and immediate threat of harm upon his return. It is just this type of harm that an injunction in favor of the plaintiff will remedy. See, <u>Natural Resources Defense Counsel v. Pena</u>, 147 F. 3d 1012, at 1022 (D.C. Cir. 1998); <u>Church v. City of Huntsville</u>, 30 F. 3d. 1332 at 1337 (11th Cir. 1994).

As set forth in the attached Affirmation of David Sharp, after eating his meal, Mr. Sharp attempted to use the restroom. Upon entering, he encountered a "designated accessible" toilet stall which was too narrow for him to enter.  Further, he could not use the sink to wash his hands since there was a panel underneath the counter-top that prevented him from pulling his wheelchair close enough to utilize the faucet controls.  Mr. Sharp intends to return to the restaurant, as he travels to Washington D.C. frequently, and enjoyed the food and atmosphere of defendant's restaurant.

After visiting the restaurant, Mr. Sharp retained the services of undersigned counsel, who sent the letter attached as Exhibit "B" to defendant that contained a request that defendant formally acknowledge the barriers at its restaurant and that it promise, in writing, to investigate his concerns, and implement a plan to remediate the barriers within 60 days.  Despite a request for a response within 15 days, no response was provided within that time, nor did defendant request more time to investigate

plaintiff's concerns.  Thereafter, plaintiff filed the instant lawsuit.  Defendant, despite the presence of documented access barriers violative of the ADA at its restaurant, has denied that it discriminated against plaintiff.

Plaintiff's expert, Michael Chenail, has provided a report, which is attached to the affidavit at Exhibit "C", and which sets forth in detail the barriers encountered by plaintiff, and which also sets forth a plan for the removal of same, which if implemented, would make the restaurant readily accessible to plaintiff.

At this very moment, there is no issue as to whether the access barriers at the restaurant exist, that plaintiff has standing to enforce his rights, and that unless an injunction in plaintiff's favor is entered directing defendant to remove the architectural barriers at its restaurant, plaintiff will continue to be subject to imminent and real harm.

<u>CONCLUSION</u>

Based upon the foregoing, plaintiff requests that the Court enter summary judgment in his favor against defendant.

Respectfully submitted:

      /s/
Joel R. Zuckerman
D.C. Bar No.
Maxwell & Barke LLC
*Attorneys for Plaintiff*
51 Monroe St., Suite 806
Rockville, Maryland 20850
Telephone:       (301) 309-8300
Facsimile:       (301) 309-8303


<u>Certificate of Service</u>

    I hereby certify that on March 20th, 2008, I furnished a true and correct copy of the foregoing document, via this Court's ECF System:

        Elizabeth Menist
        Stephanie E. Carnes
        700 E. Street, SE
        Washington, D.C. 20003
        <u>sec@estreetlaw.com</u>


    /s/

    Joel R. Zuckerman

EXHIBIT "A"

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

David C. Sharp

      Plaintiff,

vs.                      CASE NO.: 07-cv-2035

Capitol City Brewing Company, LLC.

      Defendant.

### AFFIRMATION OF PLAINTIFF, DAVID C. SHARP

I, David C. Sharp, hereby affirm under the penalties of perjury that the contents of the following affidavit are true and correct to the best of my knowledge, information and belief:

1. I am the plaintiff in the above matter.

2. I am a quadriplegic secondary to contracting the polio virus as a child and thereafter suffering a stroke in 1999. As a result, I use a wheelchair for mobility.

3. I hold many volunteer positions. I operate my own non-profit foundation to bring services to people with disabilities. I am a board member and office manager for the local chapter of the National Spinal Cord Injury Network. I also volunteer on many county and other local commissions for people with disabilities. I commute to my office in Rockville almost daily, and oftentimes, into Washington, D.C.

4. Under the ADA, the world is a better place, but I find that the government is slow to bring about change and that property owners still do not remove barriers without prodding.

5. In my experience, and through the experience of others

1

with whom I have spoken, private lawsuits bring about change more rapidly and I have had great success in the past couple of years.

6.   In October of 2007, I visited the Capitol City Brewing Company restaurant on New York Avenue, in Washington, D.C.  During my visit there, I attempted to use the toilet room, but was unable to because the stall was less than 60" wide and I could not get my wheelchair into the stall and close enough to the toilet.  Then, prior to exiting the toilet room, I attempted to wash my hands, but due to the fact that there was a panel underneath the counter-top, I could not pull my wheelchair close enough to reach the faucet controls.

7.   After my visit, I contacted my attorney, Joel Zuckerman, who, at my direction, sent a letter to the restaurant, attached hereto as Exhibit "A-1".  In that letter, I ask the owner of the restaurant to acknowledge the existence of the barriers and commit to the development and implementation of a plan to remove the barriers within 60 days.  If a response is not received within 15 days (which my experience has shown is usually ample time for a property owner to investigate and respond to my concerns), then I will instruct Mr. Zuckerman to file a lawsuit, which I did in this case as no response was received within the time requested.  Indeed, I believe that suit was not filed until almost 18 days after the letter was sent.

8.   I am most proud of the fact that in all of my cases I have brought about increased accessibility of properties, where, without my efforts, and the efforts of my attorneys, they would not

2

be accessible.

8.    In this case, I am aware of correspondence where the owner has confirmed the existence of the access barriers that I encountered, and that they in fact, can be removed.  To the best of my knowledge, as of the date of the filing of the this Motion, no remedial work has been undertaken by the owner of the restaurant, and that the barriers remain.

The undersigned affirms under the penalties of perjury that the above is   true,   to   the   best   of   my knowledge, information, and belief.

David C. Sharp
Date:

3

EXHIBIT "B"

LAW OFFICE

# Maxwell & Barker LLP

51 Monroe Place · Suite 806 · Rockville · MD 20850

October 19, 2007

Capitol City Brewing Company
1100 New York Ave., NW
Washington, D.C. 20005

ATTN: Restaurant Manager

| RE: | Customer: | David C. Sharp |
| | Premises: | Capitol City Brewing Company |
| | | Washington, D.C. 20005 |
| | Subject: | Compliance with the Americans with Disabilities Act ("ADA") |

We are writing on behalf of the David C. Sharp, a person with a disability, who requires the use of a wheelchair for mobility.

Our client recently visited your restaurant, and encountered a number of architectural barriers, which prevented him from full access to the facility.

Title III of the Americans with Disabilities Act ("ADA"), requires owners and operators of places of public accommodation and commercial facilities to remove architectural barriers to access, so that individuals with disabilities may enjoy full access to the benefits and services offered therein. Unfortunately, many owners and operators are unfamiliar with the requirements of the ADA, or are unaware of conditions on their property which create unnecessary barriers to access. Accordingly, these owners and operators unwittingly allow violations of the ADA to persist, until the same are called to their attention.

While at the premises in question, our client observed the following, each of which he believes to be a violation of the ADA:

(a)  The "accessible" toilet stall is too narrow to accommodate a wheelchair.  See §4.17 and Figure 30(a) of the ADAAG.

(b)  The 'accessible' toilet stall lacks adequate and compliant grab bars.  See §4.17.6 and Figure 30 of the ADAAG.

LAW OFFICES
# Maxwell & Barke

Restaurant Manager                                October 19, 2007
Capitol City Brewing Company
Page 2

    (c)   There is insufficient knee clearance provided
underneath the common use lavatory.  See § 4.19.2 of
the ADAAG.

The foregoing list covers the conditions personally observed
and encountered by our client, but by no means is an attempt to
exhaustively enumerate each and every condition which may
constitute a violation of the requirements of the ADA, and a more
thorough survey of the premises would undoubtedly be useful to
determine if there are additional existing barriers.

Under the ADA, an aggrieved person is not required to
furnish advance notice of his concerns to a property owner or
operator prior to instituting a lawsuit seeking compliance with
the law.  Where possible, our client would prefer to have you, as
the owner and/or operator of the premises, comply voluntarily
rather than in response to legal action, because in his view
mechanical obedience to a court order is not necessarily
accompanied by a better understanding of the problems encountered
daily by individuals with disabilities.

The purpose of this letter is to request that you, as the
owner and/or operator of the premises, formally commit to remove
the architectural barriers at the premises where such removal is
both readily achievable and technically feasible.  To that end,
we ask that a copy of this letter be returned to us promptly,
together with the signature of a party authorized to sign,
acknowledging that the owner and/or operator of the property
affirms the existence of architectural barriers at the premises,
and agrees to take the necessary steps to develop and implement a
plan to identify and remove all barriers to access existing on
the property in accordance with the ADA to the extent that
removal is readily achievable and technically feasible.

If an executed copy of this letter is received by the
undersigned within 15 days, our client is willing to waive his
right to be reimbursed for fees and costs incurred by him related
to his efforts to enforce his rights under the ADA to date.
Further, we ask that if the letter is signed and timely returned,
a copy of the proposed plan be provided to the undersigned within
60 days. In the absence of such a waiver, however, our client may

LAW OFFICES
**Maxwell & Barke**

Restaurant Manager                                    October 19, 2007
Capitol City Brewing Company
Page 3

be entitled to recover those fees and costs, as well as
additional expenses incurred during the course of further
representation and/or litigation and our client reserves his
rights in that regard and with regard to filing suit to enforce
his rights.

     Please respond promptly so that litigation can be avoided.
We look forward to hearing from you.

                              Very truly yours,

                              Joel R. Zuckerman

JRZ/dgd
cc: David C. Sharp


     I, a duly authorized representative of _____,
the owner and/or operator of the Capitol City Brewing Company,
with an address of 1100 New York Ave., NW, Washington, D.C.
20015,  acknowledge the existence of the architectural barriers
outlined in this letter, and hereby commit to develop a plan to
identify all barriers to access at the property, and promptly
implement a plan for the removal of the architectural barriers to
the extent that removal is readily achievable and technically
feasible.    It is further agreed that the plan will be provided
to Mr. Sharp's representatives within 60 days of the execution of
this letter. The foregoing representation is made by the
undersigned for the express purpose of inducing the above named
individual to forebear from filing suit and formally enforcing
rights under applicable disability discrimination civil rights
legislation.


Date:_____        Signature: _____

                                Title: _____

# EXHIBIT "C"

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

David C. Sharp

      Plaintiff,

vs.                  CASE NO.: 07-cv-2035

Capitol City Brewing Company, LLC.

      Defendant.

## AFFIDAVIT OF MICHAEL CHENAIL

I, Michael Chenail, hereby affirm under the penalties of perjury that the contents of the following affidavit are true and correct to the best of my knowledge, information and belief:

1.   I am employed by Compliance Alliance, a consulting firm specializing in compliance with Title III of the Americans with Disabilities Act and am frequently retained by business owners and attorneys involved in litigation to conduct surveys of places of public accommodations to identify architectural barriers to access and make recommendations for the removal of the architectural barriers violative of Title III of the Americans with Disabilities Act ("ADA"). I have conducted and/or participated in hundreds of ADA compliance surveys since 1992.

2.   I was retained by plaintiff in this case to review photographs of certain elements of the toilet room, namely the accessible toilet stall, and the lavatory, and a drawing of the layout of the toilet room, of the Capitol City Brewing Company restaurant located in Washington, D.C. I was also asked to draft a report containing my findings, conclusions, and recommendations for remedial work to remove access barriers violative of the ADA.

1

3.    My report dated, March 14, 2008, attached hereto as Exhibit "C-1",  contains my findings and conclusions, as well as my suggestions for the removal of same, which, in light of the physical layout of the toilet room and apparent resources of the owner, it is my opinion that these recommended alterations are both readily achievable and technically feasible.

4.    The architectural barriers at the restaurant discriminate against plaintiff, because as a person who uses a wheelchair, because he is a person who uses a wheelchair, he is unable to use the toilet facilities at the restaurant.

5.    The suggestions contained within my report for barrier removal include the enlargement of the accessible toilet stall, installation of proper grab bars in the accessible toilet stall, the location of the flush valve in the accessible toilet stall, installation of dispensers, and the removal of the panel underneath the lavatory counter-top to provide adequate room for someone to pull their wheelchair close enough to the faucet controls to be able to use the sink.

6.    It is my opinion that the plan outlined in my report, if implemented by the property owner, will ensure that the restaurant is readily accessible to individuals with disabilities consistent with the requirements of the ADA.


Michael Chenail
Michael Chenail

2

# compliance alliance

The ADA Compliance Specialists

Joel R. Zuckerman
Maxwell & Barke LLC
51 Monroe Place - Suite 806
Rockville, Maryland 20850
March 12, 2008

RE: Sharp vs. Capital City

Dear Mr. Zuckerman,

Attached hereto is the report which contains my recommendations for the removal of barriers to accessibility violative of Title III of the ADA at Capital City located at 1100 New York Avenue NW in Washington, DC.

My recommendations for the removal of barriers are consistent with the mandates of Title III of the American's with Disabilities Act and the ADA Accessibility Guidelines ("ADAAG"). It is my understanding that this restaurant was constructed prior to the enactment of the statute. While it is my understanding that this building was constructed prior to the enactment of the ADA, use of the ADAAG guide for the removal of barriers to access is appropriate where it is technically feasible to remove the barriers to access in a manner consistent with the new construction guidelines set forth in ADAAG. It is my opinion that all of the recommendations made herein are technically feasible and a plan to apply these recommendations should be implemented in order for the restaurant to be in compliance with Title III of the ADA.

In the event that the restaurant was constructed after the enactment of the statute the configuration of this facility would be subject to the minimum requirements for new construction as set forth in 4.1 of the ADAAG.

Should you have any questions, or require further assistance, please do not hesitate to contact me.

Sincerely,

*Michael J. Chenail*

Michael J. Chenail

3006 Water Creek Court • Suite 1-C • Midlothian, VA 23112
Phone: 804-389-2479 • Website: www.adahospitality.com • E-mail: accessus@adahospitality.com

# compliance alliance
The ADA Compliance Specialists

**RE: Summary Report - Sharp vs. Capital City**

Based upon my review of the information as well as the photographs I've received in reference to the barriers cited within the men's restroom at Capital City, it is my opinion that following barriers to accessibility do exist. These barriers include, but are not limited to;

1. The ADAAG requires that a stall be a minimum of 60" wide to provide enough space for an individual using a wheelchair to conduct a lateral transfer. The width of the existing handicap toilet stall measures 44".

2. The ADAAG requires that 1 grab bar to be located on the side wall and 1 grab bar be mounted behind the commode. Presently there is a grab bar mounted along each of the side walls within the stall.

3. The ADAAG requires that specific maneuvering clearances be provide under and around an accessible lavatory. Presently the space under the lavatory has an angled panel covering the plumbing. The present configuration does not provide the knee clearance required for a wheelchair user to reach the faucet controls.

**Recommended Action Steps:**
1. Reconfigure the existing handicap stall to provide a 60" (w) x 59" (D) stall to be compliant with the ADAAG 4.17.3 – Figure 30(a). Also, ensure that the door hardware and locking mechanisms do not require tight grasping or pinching and twisting of the wrist.

2. Install a grab bar behind the toilet and another along the side wall adjacent to the toilet. Each grab bar is required to comply with the length and positioning specifications in the ADAAG 4.17.6 and shown in Figures 30(a) and 30(d)

3. Reposition the lavatory (including basins and plumbing elements) to comply with the ADAAG 4.19.4 and ensure that the required measurements for knee and toe clearances specified in Section 4.19.2 comply with  Figure 31 of the ADAAG

P.O. Box 789 · Gordonsville, VA 22942

Phone: 804-389-2479 · Website: www.adahospitality.com · E-mail: accessus@adahospitality.com







### UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

David C. Sharp

    Plaintiff,

vs.                                                     CASE NO.: 07-cv-2035

Capitol City Brewing Company, LLC.

    Defendant.

### ORDER

Upon consideration of Plaintiff's Motion for Summary Judgment, and any opposition thereto, it is this, _____ day of _____, 2008, by the United States District Court for the District of Columbia, hereby

ADJUDGED AND DECREED, that architectural barriers to access violative of 42 U.S.C. 12181 et seq.(Title III of the Americans with Disabilities Act)exist within the men's toilet room of the defendant's restaurant, the Capitol City Brewery, located at 1100 New York Avenue, NW, Washington, D.C., as follows:  there is no standard accessible toilet stall provided within the men's toilet room that is large for to accommodate someone who uses a wheelchair, and the lavatory is not usable by individuals who use wheelchairs due to the presence of a panel that prevents them from pulling close enough to the faucet controls to use the sink.

Accordingly, it is hereby

ORDERED, that plaintiff's Motion for Summary Judgment is granted and defendant has discriminated against plaintiff in violation of 42 U.S.C. 12181 et seq.(Title III of the Americans with Disabilities Act) in that its restaurant, the Capitol City Brewing Company is not readily accessible to individuals with disabilities due to the presence of architectural barriers to access at its restaurant, where removal of those architectural barriers is both readily achievable and technically feasible; and it is further

ORDERED, that defendant shall alter the toilet room in accordance with the recommendations of plaintiff's expert, Michael Chenail, as set forth in his report, and attached to Plaintiff's Motion for Summary Judgment as Exhibit "C".

_____

Judge, United States District
Court for the District of Columbia