IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

———————————————————

David C. Sharp,                          )
                                         )
          Plaintiff,                     )
                                         )
     v.                                  )          Case No. 1:07-CV-02035-RCL
                                         )
Capitol City Brewing Company, LLC        )
                                         )
          Defendant.                     )
                                         )
———————————————————)

**DEFENDANT CAPITOL CITY BREWING COMPANY'S
MOTION FOR SUMMARY JUDGMENT**


Defendant hereby moves for summary judgment on each of Plaintiff's claims, and in

support hereof, refers the Court to the attached memorandum of points and authorities.



Respectfully submitted,

SCHEUERMANN & MENIST
/s/ Elizabeth Menist
John E. Scheuermann, Bar. No. 185470
Elizabeth Menist, Bar No. 475052
Stephanie E. Carnes, Bar No. 500529
700 E Street, S.E.
Washington, DC 20003
Tel: 202-547-9180
Fax: 202-547-2050
Email: sec@estreetlaw.com
Email: jes@estreetlaw.com

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Defendant's Motion for Summary Judgment with accompanying Memorandum of Points and Authorities, Statement of Material Facts and Proposed Order, was this 9th day of April, 2008 sent by first-class U.S. mail, postage prepaid to:

Joel R. Zuckerman, Esquire
Maxwell & Barke
51 Monroe Place, Suite 806
Rockville, MD 20850

/s/ Elizabeth Menist
Elizabeth Menist

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                )
David C. Sharp,                                 )
                                                )
              Plaintiff,                        )
                                                )
       v.                                       )        Case No. 1:07-CV-02035-RCL
                                                )
Capitol City Brewing Company, LLC               )
                                                )
              Defendant.                        )
                                                )
_____)

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff David Sharp filed an action alleging that certain architectural barriers violating 42 U.S.C. 12181 et seq. (Title III of the Americans with Disabilities Act) in the men's restroom at Defendant Capitol City Brewery's 1100 New York Avenue location.

As shown below, Plaintiff Sharp is already receiving the relief which he is seeking.  Thus, as this action is moot, Defendant Capitol City Brewing Company is entitled to summary judgment as a matter of law.

### Background

On or about October 19, 2007, Defendant Capitol City Brewing Company ("Capitol City") was notified by Plaintiff David Sharp's Attorney,  Joel Zuckerman,  that Plaintiff believed that the men's restroom facilities at the Capitol City's 1100 New York Avenue location did not comply with the Americans with Disabilities Act.  Aff of Jeffrey Beaudoin, Ex. A.  Mr. Zuckerman's October 19, 2007 letter purported to require Capitol City to sign a written

agreement acknowledging architectural barriers, create a plan to remedy these barriers and share

the plan with Plaintiff.  This letter demanded that Capitol City sign the agreement as it was

written within fifteen days, which does not correspond to any time period in the statute.  Id.

At the time of Capitol City's receipt of Mr. Zuckerman's letter, Capitol City had already

discussed the possibility of renovating the restrooms in the 1100 New York Avenue location.

Aff. of Jeffrey Beaudoin ¶ 5.  Capitol City had no reason to believe that its men's restroom

facilities, which included a larger stall with grab bars, might not be in compliance with the ADA.

Capitol City had not received any similar complaints before Mr. Zuckerman's letter.  Aff. of Jeff

Beaudoin ¶ 4.

In a letter dated November 6, 2007, Defendant responded to Plaintiff's demand with a

note of apology to Mr. Sharp and an explanation of the planned renovations, including a promise

that the bathrooms would comply with ADA standards at the completion of the renovation.  See

Aff. Of Jeff Beaudoin, Ex. B.  Capitol City saw no need to escalate the issue with a customer

about whether or not the men's restrooms complied with ADA regulations because it had already

considered undertaking renovations of the restrooms for aesthetic reasons, and was pleased to

address both issues at the same time.

On November 8, 2007, Plaintiff's Attorney wrote a letter acknowledging Capitol City's

intention to renovate its men's restroom to comply with the ADA, but stated that Capitol City

was noncompliant with the Plaintiff's Attorney's requirements and demanded payment of

$3,420.00 in attorney's fees. Aff. of Jeffrey Beaudoin, Ex. C. On the same day, Plaintiff filed suit

in this Court.

On November 29, 2007,  Defendant's counsel responded with a letter, once again

reiterating that the bathrooms would be remodeled in accordance with ADA regulations and

Capitol City's willingness to agree on a schedule for the remodeling. The only thing Defendant was not willing to do was pay Mr. Sharp's lawyer $3,420.00 in attorney's fees. Aff. of Jeffrey Beaudoin, Ex. D. However, these assurances were not sufficient for Plaintiff and the litigation continued. Defendant was served with the Complaint on December 10, 2007.

On November 13, 2007, prior to being served with process in this case, Capitol City hired The Providence Group Contractor as the general contractor for the renovations. Aff. of Jeffrey Beaudoin, Ex. E. A key term in provision in the contract is Item No. 1 "all work to be performed in compliance with (ADA) specifications on DC code". [sic] Id. A copy of this contract was produced to Plaintiff as part of Defendant's Rule 26 Initial disclosures on February 9, 2008. The renovation went through what could be considered the typical stages of planning, including creating drawings and design mockups. As this was to be a comprehensive and permanent renovation of the restrooms, the design aspects of the renovation were important and carefully considered. Capitol City's plumbing contractor obtained the permit for the restroom renovation on March 31, 2008. Aff. of Jeffrey Beaudoin, Ex. F.

No one disputes the fact that Plaintiff David Sharp has the right to accessible facilities. No one disputes that Defendant Capitol City Brewing Company must have restrooms which are constructed in accordance with the Americans with Disabilities Act. This action is moot because Defendant is absolutely willing to rectify this situation, has said so during this entire process, and has taken concrete steps to do so. As Plaintiff is receiving the relief he requests, Defendant is entitled to summary judgment as a matter of law.

**Argument**

**I.    SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE PLAINTIFF LACKS STANDING UNDER THE AMERICANS WITH DISABILITIES ACT**

A.    **DEFENDANT SHARED ITS INTENTION TO REMEDY VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT WITH PLAINTIFF PRIOR TO THE COMMENCEMENT OF LITIGATION SO IT WAS NOT REASONABLE FOR PLAINTIFF TO INFER THAT THE DISCRIMINATORY TREATMENT WOULD CONTINUE.**

To establish standing under the ADA, a Plaintiff must (1) allege past injury under the ADA, (2) reasonably infer that the discriminatory treatment would continue, and (3) intend to return to the site in the future. <u>Camarillo v. Carrolls Corp.</u>, 2008 WL 341544, 341 (2nd Cir. 2008).

In this case, Defendant does not dispute the elements of past injury, and, as a restaurant, certainly hopes that Plaintiff (as well as all of its customers) intend to return. However, after numerous notifications by Defendant, Plaintiff could not reasonably infer that the discriminatory treatment would continue.

By letter dated November 6, 2007, Defendant acknowledged Plaintiff's complaint, apologized, and shared its intention to rectify the situation. Aff. of Jeffrey Beaudoin, Ex. B. In Plaintiff's response, Plaintiff's Attorney even acknowledged the fact that Defendant was taking action. Aff. of Jeffrey Beaudoin, Ex. C. However, because Defendant's response was not in a format to Plaintiff's liking, Plaintiff filed suit on the same day.

Defendant responded in a letter dated November 29, 2007 that it would be willing to work with Plaintiff to come up with a schedule to ensure compliance and alleviate any fears of possible noncompliance; however Defendant was not willing to pay Mr. Sharp's attorney's fees. Aff. of Jeffrey Beaudoin, Ex. D. Plaintiff did not provide a response to this letter. Defendant was served with the Complaint on or around December 10, 2008.

There is no reason why this litigation should have gone forward in the first place. Everyone agreed prior to litigation that Capitol City's restrooms should be compliant with the ADA. As compliance with the ADA was Plaintiff's primary purpose for engaging in litigation, it

does not follow that Plaintiff should commence it when Plaintiff's primary purpose was satisfied. Defendant notified Plaintiff that Capitol City was willing to work on a schedule of compliance with Plaintiff to alleviate any concerns of noncompliance. Instead of responding to that letter, Plaintiff decided to continue with this litigation.

## II.     SUMMARY JUDGMENT SHOULD BE GRANTED IN FAVOR OF DEFENDANT BECAUSE PLAINTIFF'S CLAIM IS MOOT

A claim is moot if it has lost its character as a present, live controversy.  Parr v. L & L Drive-Inn Restaurant, 96 F.Supp.2d 1065, 1087 (D.Hawaii 2000) (internal citations omitted). Specifically, if an ADA plaintiff has already received everything to which he would be entitled, i.e., the challenged conditions have been remedied, then these particular claims are moot absent any basis for concluding that plaintiff will again be subjected to the same wrongful conduct by this defendant. Id. (Internal citations omitted).  The Defendant in the present case voluntarily decided to remodel its restrooms and require that they comply with ADA regulations and has taken concrete steps in this regard.  Thus, the claim here is moot. While perhaps more applicable in situations where a defendant puts forth a policy of offending conduct as opposed to situations involving offending physical aspects of a building, some factors that have been considered important in determining mootness where a private defendant has voluntarily ceased the conduct at issue include: (1) whether the challenged conduct was isolated or unintentional, as opposed to a continuing and deliberate practice, (2) whether the defendant's cessation of the offending conduct was motivated by a genuine change of heart or timed to anticipate suit, and (3) whether, in ceasing the conduct, the defendant has acknowledged liability. Sheely v. MRI Radiology Network, P.A., 505 F.3d 1173,  (11th Cir. 2007).  Even applying this more specific standard, Plaintiff's claim is clearly moot as a matter of law.

## A.    DEFENDANT'S CONDUCT WAS UNINTENTIONAL

Defendant did not intentionally construct a bathroom which was not ADA compliant. It was not part of a deliberate policy on the part of Capitol City to be noncompliant with the ADA. For example, as seen in the photos submitted as part of Plaintiff's Motion for Summary Judgment, there is a larger stall with grab bars in the men's restroom. Unfortunately, these items were insufficient to comply with ADA regulations. Mr. Sharp's complaint was also the first such complaint made to Capitol City,  so Defendant was simply unaware of the noncompliance.

Once Defendant became aware of the noncompliance through Mr. Sharp's notification, they sought to fix it and follow through with already existing ideas of a restroom remodel.  They hired a general contractor with a specific contractual provision stating that the restroom remodel was to be in accordance with ADA specifications.  Aff. of Jeffrey Beaudoin, Ex. E.

## B.    DEFENDANT  HAS SHOWN ITS VOLUNTARY CESSATION OF THE ACTIVITIES COMPLAINED OF BY AGREEING TO REMODEL THE MEN'S RESTROOM AS PART OF A LARGER REMODELING SCHEME

Frankly, it is difficult  to show whether the Defendant's cessation is one timed to anticipate suit, since the first letter to Defendant informing of the violation immediately threatened litigation. See Aff. of Jeffrey Beaudoin, Ex. A.  However, it is clear that Defendant responded with an answer stating its intention to rectify the situation as a part of the larger remodel of the restrooms. Aff of Jeffrey Beaudoin, Ex. B.  It is notable that both the men and women's restroom facilities  are being remodeled, and not just the men's restroom, which is the subject of Mr. Sharp's complaint. See Aff. of Jeffrey Beaudoin, Ex. E.  Capitol City has continued with its restroom renovation.  It has obtained the legally-required permit from the District of Columbia to complete the work.

**C.     DEFENDANT HAS ACKNOWLEDGED THAT THEY WILL RESOLVE THE ISSUE  AND HAS TAKEN CONCRETE STEPS TO RECTIFY THE ISSUE**

Defendant has communicated its willingness to rectify all ADA compliance issues several times.  The first notification took place in a November 6, 2007 letter to Plaintiff's Counsel. See Aff of Jeffrey Beaudoin, Ex. B.  This intention was reiterated in a November 29, 2007 letter to Plaintiff's counsel.  See Aff of Jeffrey Beaudoin, Ex. D. The contract with its general contractor explicitly requires ADA compliance; thus, compliance is clearly important to Capitol City.  See Aff. of Jeffrey Beaudoin, Ex. E.  Capitol City provided restroom mockups to Plaintiff as part of its initial disclosures. Capitol City's plumbing contractor obtained a permit on March 31, 2008. See Aff. of Jeffrey Beaudoin, Ex. F.

All of these factors would indicate that Capitol City is already providing the relief that Plaintiff is requesting. The construction, as is typical,  is not moving as quickly as everyone would prefer; however, it is occurring, and Defendant has notified Plaintiff of its plans and progress.  There is no controversy here.

### Conclusion

For the reasons outlined above, Plaintiff lacked standing to bring the lawsuit in the first place.  The claim as it stands is moot because Plaintiff is already receiving the relief he seeks. Defendant respectfully requests that this Court grant summary judgment in its favor since Defendant is already providing the relief that Plaintiff seeks.

Respectfully submitted,

SCHEUERMANN & MENIST
/s/ Elizabeth Menist
John E. Scheuermann, Bar. No. 185470

Elizabeth Menist, Bar No. 475052
Stephanie E. Carnes, Bar No. 500529
700 E Street, S.E.
Washington, DC 20003
Tel: 202-547-9180
Fax: 202-547-2050
Email: sec@estreetlaw.com
Email: jes@estreetlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
David C. Sharp,                         )
                                        )
         Plaintiff,                     )
                                        )
         v.                             )        Case No. 1:07-CV-02035-RCL
                                        )
Capitol City Brewing Company, LLC       )
                                        )
         Defendant.                     )
                                        )
_____)

STATEMENT OF MATERIAL FACTS

Defendant does not dispute any of Plaintiff's Rule 7(h) Statement of Material Facts in

Plaintiff's March 20th Motion for Summary Judgment and submits the following additional

material facts:

9.      Capitol City Brewing Company ("Capitol City") notified Plaintiff of its intention to

        renovate its restroom at the 1100 New York Avenue location and ensure compliance

        with ADA specifications in a November 6, 2007 letter to Plaintiff's counsel. Aff. of

        Jeffrey Beaudoin, Ex. B.

10.     Plaintiff acknowledged Capitol City's plans to renovate its restroom in a November 8,

        2007 letter to Defendant.  Aff. of Jeffrey Beaudoin Ex. C.

11.     Defendant entered into a contract with The Providence Group Contractor on November

        13, 2007 to remodel the restrooms.  The contract provided that all work was to be in

        compliance with ADA regulations.  Aff. of Jeffrey Beaudoin, Ex. E.

12.    Defendant's plumbing contractor obtained a building permit for the restroom renovation

on March 31, 2008.  Aff of Jeffrey Beaudoin, Ex. F.


Respectfully submitted,

SCHEUERMANN & MENIST

/s/ Elizabeth Menist
John E. Scheuermann, Bar. No. 185470
Elizabeth Menist, Bar No. 475052
Stephanie E. Carnes, Bar No. 500529
700 E Street, S.E.
Washington, DC 20003
Tel: 202-547-9180
Fax: 202-547-2050
Email: sec@estreetlaw.com
Email: jes@estreetlaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| David C. Sharp, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Case No. 1:07-CV-02035-RCL |
| | ) |
| Capitol City Brewing Company, LLC | ) |
| | ) |
| Defendant. | ) |
| | ) |

## AFFIDAVIT OF JEFFREY BEAUDOIN

City of Washington   )

District of Columbia   ) ss:

I, Jeffrey Beaudoin, first being duly sworn, hereby depose and state:

1.  I am over eighteen years old and I have first-hand knowledge of the statements made herein.

2.  I am the Chief Financial Officer of Defendant Capitol City Brewing Company.

3.  On or about October 19, 2007, I received a letter sent to Capitol City by Mr. Zuckerman, Mr. Sharp's attorney. A copy of this letter is attached as Exhibit A.

4.  To the best of my knowledge, Capitol City Brewing Company had not received any complaints regarding the compliance of its restrooms at the 1100 New York Avenue location with the ADA or any complaints from persons with disabilities that they had experienced difficulties is using those restrooms prior to the October 19, 2007 letter sent on behalf of Mr. Sharp.

1

5.    Prior to receiving Mr. Zuckerman's October 19th letter, I had been discussing remodeling the restrooms at Capitol City's 1100 New York Avenue location with members of the Capitol City management team.

6.    I drafted and sent a letter on November 6, 2007 to Plaintiff's Attorney, Joel Zuckerman. This letter is attached hereto as Exhibit B.

7.    I received a letter dated November 8, 2007 from Plaintiff's Attorney, Joel Zuckerman. This letter is attached hereto as Exhibit C.

8.    I authorized Capitol City's counsel to respond to the November 8, 2007 letter. This letter is attached hereto as Exhibit D.

9.    Capitol City Brewing Company entered into a contract with The Providence Group Contractor to renovate the restrooms on November 13, 2007. A copy of this contract is attached as Exhibit E. The contract requires compliance with ADA specifications.

10.   Over the next few months, plans for the restroom remodeling were prepared, materials were ordered and permits were applied for. This phase of the project took longer than expected due to differences in opinion regarding aesthetic choices for the restroom.

11.   Capitol City Brewing Company's plumbing subcontractor obtained a building permit for the restroom renovation on March 31, 2008. A copy of the building permit is attached hereto as Exhibit F.


_____
Jeffrey Beaudoin


Subscribed and sworn to me before this 3d day of April, 2008.

_____
Notary Public


2      Elena I. Moore
       Notary Public, District of Columbia
       My Commission Expires 11/30/2010

A

# Maxwell & Barke

51 Monroe Place · Suite 806 · Rockville · MD 20850

October 19, 2007

Capitol City Brewing Company
1100 New York Ave., NW
Washington, D.C. 20005

ATTN: Restaurant Manager

RE:  Customer:     David C. Sharp
     Premises:     Capitol City Brewing Company
                   Washington, D.C. 20005
     Subject:      Compliance with the Americans with
                   Disabilities Act ("ADA")

     We are writing on behalf of the David C. Sharp, a person
with a disability, who requires the use of a wheelchair for
mobility.

     Our client recently visited your restaurant, and encountered
a number of architectural barriers, which prevented him from full
access to the facility.

     Title III of the Americans with Disabilities Act ("ADA"),
requires owners and operators of places of public accommodation
and commercial facilities to remove architectural barriers to
access, so that individuals with disabilities may enjoy full
access to the benefits and services offered therein.
Unfortunately, many owners and operators are unfamiliar with the
requirements of the ADA, or are unaware of conditions on their
property which create unnecessary barriers to access.
Accordingly, these owners and operators unwittingly allow
violations of the ADA to persist, until the same are called to
their attention.

     While at the premises in question, our client observed the
following, each of which he believes to be a violation of the
ADA:

     (a)  The "accessible" toilet stall is too narrow to
          accommodate a wheelchair.  See §4.17 and Figure 30(a)
          of the ADAAG.

     (b)  The 'accessible' toilet stall lacks adequate and
          compliant grab bars.  See §4.17.6 and Figure 30 of the
          ADAAG.

# Maxwell & Barke

Restaurant Manager                                          October 19, 2007
Capitol City Brewing Company
Page 2

(c)   There is insufficient knee clearance provided
      underneath the common use lavatory.  See § 4.19.2 of
      the ADAAG.

The foregoing list covers the conditions personally observed
and encountered by our client, but by no means is an attempt to
exhaustively enumerate each and every condition which may
constitute a violation of the requirements of the ADA, and a more
thorough survey of the premises would undoubtedly be useful to
determine if there are additional existing barriers.

Under the ADA, an aggrieved person is not required to
furnish advance notice of his concerns to a property owner or
operator prior to instituting a lawsuit seeking compliance with
the law.  Where possible, our client would prefer to have you, as
the owner and/or operator of the premises, comply voluntarily
rather than in response to legal action, because in his view
mechanical obedience to a court order is not necessarily
accompanied by a better understanding of the problems encountered
daily by individuals with disabilities.

The purpose of this letter is to request that you, as the
owner and/or operator of the premises, formally commit to remove
the architectural barriers at the premises where such removal is
both readily achievable and technically feasible.  To that end,
we ask that a copy of this letter be returned to us promptly,
together with the signature of a party authorized to sign,
acknowledging that the owner and/or operator of the property
affirms the existence of architectural barriers at the premises,
and agrees to take the necessary steps to develop and implement a
plan to identify and remove all barriers to access existing on
the property in accordance with the ADA to the extent that
removal is readily achievable and technically feasible.

If an executed copy of this letter is received by the
undersigned within 15 days, our client is willing to waive his
right to be reimbursed for fees and costs incurred by him related
to his efforts to enforce his rights under the ADA to date.
Further, we ask that if the letter is signed and timely returned,
a copy of the proposed plan be provided to the undersigned within
60 days. In the absence of such a waiver, however, our client may

# Maxwell & Barke

**Restaurant Manager**                                       October 19, 2007
**Capitol City Brewing Company**
**Page 3**

be entitled to recover those fees and costs, as well as
additional expenses incurred during the course of further
representation and/or litigation and our client reserves his
rights in that regard and with regard to filing suit to enforce
his rights.

Please respond promptly so that litigation can be avoided.
We look forward to hearing from you.

Very truly yours,

Joel R. Zuckerman

JRZ/dgd
cc: David C. Sharp


I, a duly authorized representative of _____,
the owner and/or operator of the Capitol City Brewing Company,
with an address of 1100 New York Ave., NW, Washington, D.C.
20015, acknowledge the existence of the architectural barriers
outlined in this letter, and hereby commit to develop a plan to
identify all barriers to access at the property, and promptly
implement a plan for the removal of the architectural barriers to
the extent that removal is readily achievable and technically
feasible. It is further agreed that the plan will be provided
to Mr. Sharp's representatives within 60 days of the execution of
this letter. The foregoing representation is made by the
undersigned for the express purpose of inducing the above named
individual to forebear from filing suit and formally enforcing
rights under applicable disability discrimination civil rights
legislation.


Date:_____        Signature: _____

                                Title:    _____



EXHIBIT

B

November 6, 2007

Maxwell & Barke
ATTN: Joel R. Zuckerman
51 Monroe Place
Suite 806
Rockville, MD 20850

Dear Mr. Zuckerman:

Thank you for your letter dated October 19, 2007 on behalf of Mr. Sharp.

On behalf of Capitol City Brewing Company, I would like to ensure you that we are committed to providing a restaurant for all to enjoy. We are addressing your concerns with the utmost urgency.

We are in the process of obtaining bids not only to bring our restrooms up to current ADA regulations, but have taken this opportunity to completely remodel the restrooms.

We anticipate the remodel will be completed in the second quarter of 2008. As I'm sure you are aware, projects of this magnitude take extensive planning, government permitting and time to execute.

Additionally, we are moving forward to address your concern about the missing ramp on the 11th Street entrance. We have authorized our metal fabricator to construct and install the necessary ramp, we expect this to be completed within the next 60 days.

Thank you for expressing your concerns and we hope you will forward our intentions to Mr. Sharp.

Kind Regards,

Jeffrey Beaudoin
Chief Financial Officer

1612 U Street NW #400
Washington, DC 20009



# Maxwell & Barke

51 Monroe Place · Suite 806 · Rockville · MD 20850

November 8, 2007

Jeffrey Beaudoin
Capitol City Brewing Company
1612 U Street NW, #400
Washington, D.C. 20009

RE:  *Sharp v. Capitol City Brewing Company, LLC.*

Dear Mr. Beaudoin:

We are in receipt of your letter dated November 6, which was received in our office today. This letter was received outside the 15 day time frame set forth in our October 19 letter, and failed to provide the assurances sought by Mr. Sharp, namely, signing and returning the certificate at the end that letter. In the absence of the timely return of the signed certificate, my client authorizes me to file a lawsuit in the United States District Court for the District of Columbia, which I did on November 6.

Turning to the contents of your letter, we were pleased to read that you intend to remodel the toilet rooms to bring them up to the current ADA standards, and that this project will be completed in second quarter of next year.  Therefore, despite the filing of the lawsuit, my client is willing to work with you to resolve this matter amicably through the execution by both parties of a settlement agreement and release that outlines the specific work to be done, the time frame within which the work is to be completed, reimbursement of Mr. Sharp's reasonable attorney's fees and costs incurred in this matter, and a release by Mr. Sharp with respect to the concerns raised by him in the complaint. Mr. Sharp's reasonable attorneys' fees and litigation costs to date are: $2,770.00.  In the event that we can resolve the matter as outlined herein, I would anticipate an additional 2 hours of time, which would bring this total to $3,420.00.

If you are agreeable to the above, please call me yourself at your first opportunity to discuss the matter further, or have your attorney get in contact with me.

Sincerely,

Joel R. Zuckerman

cc: David C. Sharp

Telephone 301.309.8300 · Telecopier 301.309.8303 · www.maxlaw.us

**SCHEUERMANN & MENIST**

**ATTORNEYS AT LAW**

700 E Street, S.E.
Washington, D.C. 20003
Telephone: (202) 547-9180
Fax: (202) 547-2050

EXHIBIT

D

John E. Scheuermann
Elizabeth Menist (D.C. & VA)

_____

Courtney J. Boozer (D.C. & MD)
Stephanie E. Carnes (D.C. & MD)

November 29, 2007

*By Facsimile and First-Class Mail*
Joel R. Zuckerman, Esquire
Maxwell & Barke
51 Monroe Place, Suite 806
Rockville, MD 20850

      Re:    David C. Sharp – Capitol City Brewing Company

Dear Mr. Zuckerman:

      This firm represents Capitol City Brewing Company ("CBCC").  Your letter of November 8, 2007 has been referred to me for response.

      CBCC is disappointed that you felt it necessary to file a lawsuit on the second business day after the expiration of your artificial fifteen-day time limit for a response, particularly as CBCC had agreed to remodel its restrooms to ensure their compliance with the Americans with Disabilities Act and its implementing regulations.  CBCC does not believe that it has any legal obligation to bear the cost of your precipitous action, or that the attorney's fees and litigation costs of $3420.00 which you are claiming are reasonable.

      If you wish to discuss a written agreement which will assure Mr. Sharp that the remodeling of the CBCC restrooms will proceed promptly and be completed within a reasonable period of time, before both sides spend considerable time and money on unnecessary litigation, I would be happy to discuss this with you. You should understand that CBCC will not agree to pay unreasonable attorneys fees as part of such an agreement.

      I look forward to hearing from you.

                      Sincerely yours,

                      SCHEUERMANN & MENIST

          By: _____
                      Elizabeth Menist

cc:      Jeffrey Beaudoin

EXHIBIT

E

Page No.    of    Page

# PROPOSAL

## THE PROVIDENCE GROUP CONTRACTOR
### MCLEAN, VA 22101
### (703) 855-6536
### (703) 533-0406 (FAX)

| | |
|---|---|
| Proposal Submit to ; capitol city | Phone: 202-341-0104    Date: 11-13-07 |
| Street: 1100 new york Ave | Job Name: Cap City |
| City, State, Zip: washington DC   2005 | Job Location: Washington dc |
| Architect:           Date of Plans: | Job Phone:202-314-0104 |

We hereby submit specifications and estimates for:

1) : all work to be performed in compliance with ( A D A ) specifications on dc code.
- Preparation and clear debris on 2 bathrooms.
- Demo old bathroom complete including old pipes & ground work for new plumbing.
- Walls preparation and ( r-19) insulation.
- A new ceramic tile floors on bathrooms and walls.
- Primer with T-20 water base primer sealer, prior to painting unit.
- Paint color undecided at time of this proposal, however paint cost is included in this estimate.
- 82 feet of new baseboard for unit without existing baseboard.
- Paint with semi-gloss one coat white.
- Replace old cabinets and counter top.
- new opening wall (82 inches long by 48 inches wide )
- Demo floors complete and install durock boards for new tile installation.
- Install new cabinets.
- All electrical work is included on the price.
- Demo old tile on all 3 walls to reframe and drywall.
- Replace hood vent.
- Remove over hanging by 12 inches diference.
- Install new plumbing under the zinc for new faucet.
- Up to 2 desings on walls.
- Drywall ,plaster and paint complete.

With The Understanding That capitol city will provide faucets; plumbing and partitions, labor and materials included.

**WE PROPOSE** hereby to furnish material and labor – complete in accordance with above specifications for the sum of:

_____ . Dollars ($ 19,850.00 ).

Payment to be made as follows:
50% of Payment at contract acceptance. 50% when finished the work.

*Down Payment already Received.*

All material is guaranteed to be as specified. All work to be completed in a workmanlike manner according to standard practices. Any alteration or deviation from above specifications involving extra costs will be executed only upon written orders, and will become an extra charge over and above the estimate. All agreements contingent upon strikes, accidents or delays beyond our control.

Authorized
Signature  x _____

Note: This proposal may be withdrawn by us if not accepted within _____ days.

**ACCEPTANCE OF PROPOSAL** – The above prices, specifications and conditions are satisfactory and are hereby accepted. You are authorized to do the work as specified. Payment will be made as outlined above.

Date of Acceptance_ november 13 2007_____

Signature  x _____

Signature  x _____

MAR-31-2008 07:39 (FROM) PRCLDWT-N



EXHIBIT
F

Department of Consumer and Regulatory Affairs
Permit Center
941 North Capitol Street NE room 2100
Washington DC 20002
Tel. (202) 442-4589



# PLUMBING PERMIT

THIS PERMIT IS VALID ONLY FOR THE PREMISES
OF THE PROJECT ADDRESS

**BLDG PMT. b**

**DATE : 3/31/2008**

PLBG 163880

| ADDRESS OF PROJECT: | | PRCLID : | (square) | (lot) |
|---|---|---|---|---|
| 1100  NEW YORK AVE  NW  Z | | WARD: | | ZONE : |

| OWNERS NAME: | OWNERS ADDRESS: | OWNERS TELEPHONE NO. |
|---|---|---|
| MANULIFE FINANCIAL | 1100 NEW YORK AVE. NW | (202)842-3609 x |

| CONTRACTOR'S NAME : | CONTRACTOR'S ADDRESS : | CONTRACTORS PHONE NO. |
|---|---|---|
| | 80 BRANDY RD | BUS. (301)868-3600 x |
| | FRONT ROYAL | |
| TC HOME SOLUTIONS LLC | VA          Zip :  22630- | FAX. |

| MASTER PLUMBER: | LICENSE # |
|---|---|
| SHELBY FIGAROORE | 000000895 |

| | |
|---|---|
| 4    WATER CLOSETS | |
| 4    URINALS/BIDETS | |
| 4    BASINS | |

DESCRIPTION OF WORK :

FEE :

FEE :

**$33.00**

| PROPOSED USE: | TYPE OF WORK: |
|---|---|
| A3 RESTAURANT | REPLACEMENT |

This permit authorizes the contractor to perform the work described herein at the address shown above, under the conditions stated on this permit. THIS PERMIT MUST ALWAYS BE CONSPICUOUSLY DISPLAYED AT THE ADDRESS OF WORK UNTIL WORK IS COMPLETED. For all plumbing inspections, call 202-442-4542 or fax your request to 202-442-4863.

| Director | PERMIT CLERK: | EXPIRATION DATE: |
|---|---|---|
| Linda K. Argo | DORIA MINOR | Mar - 31 - 2009 |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
David C. Sharp,                         )
                                        )
                Plaintiff,              )
                                        )
        v.                              )       Case No. 1:07-CV-02035-RCL
                                        )
Capitol City Brewing Company, LLC       )
                                        )
                Defendant.              )
                                        )
_____)

ORDER


        Upon consideration of Defendant's Motion for Summary Judgment and any

Opposition thereto, it is by the Court this _____ day of _____ 2008

ORDERED:


        That Defendant's Motion for Summary Judgment is, and is hereby, GRANTED; and

        That this action is hereby dismissed with prejudice.



                                                _____
                                                        Judge

Copies to:

John E. Scheuermann, Bar. No. 185470
Elizabeth Menist, Bar No. 475052
Stephanie E. Carnes, Bar No. 500529
Scheuermann & Menist
700 E Street, S.E.
Washington, DC 20003
Tel: 202-547-9180
Fax: 202-547-2050


Joel R. Zuckerman, Esquire
Maxwell & Barke
51 Monroe Place, Suite 806
Rockville, MD 20850