UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

David C. Sharp

    Plaintiff,

vs.                     CASE NO.: 07-cv-2035

Capitol City Brewing Company, LLC.

    Defendant.

## PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE
## TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff is entitled to judgment as a matter of law, as defendant's Response to Plaintiff's Motion for Summary Judgment makes clear that there is no genuine issue of material fact with respect to the following:

- Plaintiff is a person with a covered disability under Title III of the Americans with Disabilities Act ("ADA") in that he is a quadriplegic, and uses a wheelchair for mobility, and has standing to bring this action;

- Defendant's men's toilet room at its restaurant, Capitol City Brewing Company, located at 1100 New York Ave., NW, Washington, D.C., is not now, nor was it at the time the complaint was filed, readily accessible to plaintiff;

- It is readily achievable and technically feasible to remove the architectural barriers to access violative of the ADA within the toilet room at defendant's restaurant.

This case is not moot, and the entry of an order granting summary judgment in favor of plaintiff will affirmatively redress the harm that he has suffered, and will eliminate any threat of future harm upon his return to the restaurant.

A Title III ADA case alleging architectural barriers to access cannot be moot until the architectural barriers have been removed.

1

See <u>Parr v. L & L Drive-Inn Restaurant</u>, 96 F. Supp. 1065, at 1087
(D. Hawaii 2000)*,* where the Court held that only the claims that
dealt with barriers that defendant had already fixed were moot.  In
this case, defendant has confirmed that none of the architectural
barriers have been removed, i.e. fixed, so all of plaintiff's
claims are "live" and will be redressed by a favorable decision.
<u>Id</u> at 1087.

    An unenforceable promise to remove the barriers cannot nor
should it moot a Title III ADA case.  If a defendant were to be
able to avoid the entry of an injunction based upon a promise to
fix something, then the ADA would be rendered unenforceable.
Application of the holding of <u>Sheely v. MRI Radiology Network, P.A.</u>
505 F.3d 1173 (11th Cir. 2007) is inapposite here, as that case
dealt with a written policy rather than architectural barriers.
Written policies are easily changed, and if the Court is convinced
that the change is sincere, and not implemented as a result of the
litigation or to avoid an adverse judgment, then the case can be
moot.  See <u>Sheely</u>, supra.  In this case, the issue is not one of
policy, but of physical barriers, which, until their removal,
despite all of the promises in the world, are ongoing and
persistent discriminatory acts.

    Defendant relies upon <u>Sheely</u>, though, because at first blush,
it appears to sincerely want to comply with the ADA.  However, a
closer examination of defendant's pleadings and documents suggest
that its promise is little more than a smokescreen.

2

This ADA case was filed when defendant failed to timely respond to plaintiff's counsel's letter of October 19th. Despite the fact that the letter requested a response within 15 days (by November 2nd, 2007), plaintiff waited an additional 4 days before mailing the complaint to the Court, which was not docketed until 2 days after mailing, giving defendant a few extra days to respond[1]. See attached Exhibit "A", transmittal letter to Court dated November 6th, 2007. Defendant's letter of November 6th was not received by plaintiff's counsel until November 8th, the date the complaint was docketed, and was the first communication received from defendant in this matter. Contrary to defendant's counsel's assertions, Mr. Beaudoin's letter of November 6th contains no apology, and, more importantly, explicitly states that the decision to remodel the toilet rooms was in direct response to the ADA violations recently brought to its attention by plaintiff, stating:

> "We are in the process of obtaining bids not only to bring our restrooms up to current ADA regulations, but have taken the opportunity to completely remodel the toilet rooms." See attached Exhibit "B", November 6[th],2007 letter from Mr. Beaudoin to plaintiff's counsel.

Rather than the renovations being the impetus to bring the toilet rooms into compliance as defendant now avers, it was the necessity

---

[1] Defendant repeatedly complains that plaintiff's deadline for a response was arbitrary and not mandated by the Act. As the Court is well aware, pre-suit notice to a defendant is not a pre-requisite to filing an ADA lawsuit under Title III and that no notice is mandated by the Act. For most defendants, the first notice of an access concern they receive is the summons and complaint. Indeed, plaintiff's practice of sending prior notice and agreeing to waive attorney's fees in the event that the letter is signed and returned timely is a fairly unique practice by individuals who file these types of lawsuits.

to bring the toilet rooms up to current ADA standards that prompted the decision to remodel the toilet rooms. Additionally, neither Mr. Beaudoin's November 6th letter or defendant's counsel's letter of November 28th, despite the fact that the estimate from The Providence Group Contractor had been purportedly signed on November 13th, offered any details of defendant's plans. Looking at this from plaintiff's perspective, the promises to fix were nothing more than fantasy and reinforced for him that his decision to file and maintain this lawsuit to enforce his rights was appropriate.

One need look no further than defendant's answer to assess the sincerity of its desire to voluntarily fix the toilet rooms. Despite acknowledging on November 6th that its toilet rooms were not "up to current ADA regulations," defendant's answer denies that the toilet rooms contain access barriers, denies that it discriminated against plaintiff, and denies that it failed to remove architectural barriers to access. See Attached Exhibit "C" and "D", redacted portions of plaintiff's complaint, paragraphs 8, 9 and 10, and redacted portions of defendant's Answer to the Complaint, paragraphs 8, 9 and 10, respectively. Yet, despite these contradictory positions, defendant now wants the Court to dismiss the case based upon its 'promise.'

More recently, in an attempt to make this case go away, defendant has changed its tune, admitting that the toilet rooms are not compliant with the ADA, and promising to remodel them. As purported evidence of this promise, defendant submits an estimate

4

lacking in many respects the components of an ADA compliant toilet room, from The Providence Group Contractor.[2]   Exhibit "E ,"
attached.   Defendant also provides drawings, attached as Exhibit "F," of a proposed toilet room remodel similarly lacking in many of the details necessary to assess whether the plaintiff's concerns will be addressed.   Notwithstanding this lack of detail, the drawings contain obvious errors, which are more fully explained in the affidavit of Michael Chenail, plaintiff's ADA expert, attached as Exhibit "G".   After carefully reviewing the documents, Mr. Chenail's opinion is that if the toilet rooms were to be constructed in accordance with those drawings, they would not be compliant with the ADA.

Despite the seriousness with which defendant claims to be taking plaintiff's claims, it apparently saw no need to hire its own ADA expert to either review or draft a comprehensive barrier removal plan, and has not offered any evidence or sworn testimony from someone who can claim even some minimal familiarity with the requirements of the ADA.   The only sworn testimony offered by defendant is that of Mr. Beaudoin, who does not profess to have such knowledge.

The evidence submitted by defendant is wholly insufficient to warrant the entry of summary judgment in its favor as the risk of

---

[2]Efforts to contact a representative of the Providence Group Contractor with the information provided by defendant were unsuccessful, and as far as plaintiff's counsel was able to determine, no such company exists. Further, it appears that the down payment was made by defendant prior to the execution of the contract, as the contract itself notes that the down payment was already received at the time the contract was signed. Coupled with the contract drafter's obvious lack of understanding of the ADA, the legitimacy of this contract is questionable.

future harm to plaintiff upon his return will not be averted by the implementation of its plan to remodel the toilet rooms and the threat of future harm to plaintiff will not have been eliminated. See, <u>Levy v. Mote</u>, 104 F. Supp.2d 538 (D. Md. 2000), citing <u>Proctor v. Prince George's Hosp. Center</u>, 32 F. Supp. 830 (D. Md. 1998). Unless and until the threat of future harm is eliminated, i.e. the architectural barriers are removed from the toilet room, judgment in favor of defendant is not warranted.

Should the Court, on the other hand, grant plaintiff's Motion for Summary Judgment, and enter an order requiring defendant to remodel the toilet rooms consistent with the recommendations of plaintiff's expert Michael Chenail, plaintiff's risk of future harm will be averted, and his injury will be redressed by this favorable decision.  <u>Levy</u>, supra.

<b><u>CONCLUSION</u></b>

Based upon the foregoing, plaintiff is entitled to the entry of summary judgment in its favor, and requests that the Court enter an order directing defendant to remodel its toilet room in a manner compliant with the ADA, and the ADA Accessibility Guidelines.

Respectfully submitted:

_____/s/_____
Joel R. Zuckerman
D.C. Bar No. 480152
Maxwell & Barke LLC
*Attorneys for Plaintiff*
51 Monroe St., Suite 806
Rockville, Maryland 20850
Telephone: (301) 309-8300
Facsimile: (301) 309-8303

<u>Certificate of Service</u>

     I hereby certify that on April 11ᵗʰ, 2008, I furnished a true and correct copy of the foregoing document, via this Court's ECF System:

                    Elizabeth Menist
                    Stephanie E. Carnes
                    700 E. Street, SE
                    Washington, D.C. 20003
                    sec@estreetlaw.com

                    /s/

                    _____

                    Joel R. Zuckerman

# EXHIBIT "A"

LAW OFFICES

# Maxwell & Barker, LLC

51 Monroe Place · Suite 806 · Rockville · MD 20850

November 6, 2007

Clerk of the Court
United States District Court
    for the District of Columbia
333 Constitution Avenue, NW
Washington, DC 20001

    Re:  <u>David C. Sharp vs. Capitol City Brewing Company, LLC</u>

Dear Madam or Sir:

    Enclosed please find one original and a copy of a Complaint for Declaratory and Injunctive Relief, a check in the amount of $350.00, a disk containing the complaint and Civil Cover Sheet in PDF format, and a Summons in a Civil Case.

    Please file the original complaint, date stamp the copy, and return it in the enclosed self-addressed, stamped envelope.

    Thank you in advance for your assistance in this matter.

                Very truly yours,

                *Danielle Delaney*

                Danielle Delaney
                Legal Assistant

Enclosure

# EXHIBIT "B"



November 6, 2007

Maxwell & Barke
ATTN: Joel R. Zuckerman
51 Monroe Place
Suite 806
Rockville, MD 20850

Dear Mr. Zuckerman:

Thank you for your letter dated October 19, 2007 on behalf of Mr. Sharp.

On behalf of Capitol City Brewing Company, I would like to ensure you that we are committed to providing a restaurant for all to enjoy. We are addressing your concerns with the utmost urgency.

We are in the process of obtaining bids not only to bring our restrooms up to current ADA regulations, but have taken this opportunity to completely remodel the restrooms.

We anticipate the remodel will be completed in the second quarter of 2008. As I'm sure you are aware, projects of this magnitude take extensive planning, government permitting and time to execute.

Additionally, we are moving forward to address your concern about the missing ramp on the 11th Street entrance. We have authorized our metal fabricator to construct and install the necessary ramp, we expect this to be completed within the next 60 days.

Thank you for expressing your concerns and we hope you will forward our intentions to Mr. Sharp.

Kind Regards,

Jeffrey Beaudoin
Chief Financial Officer

1612 U Street NW #400
Washington, DC 20009

EXHIBIT "C"

EXHIBIT

1

# PROPOSAL

## THE PROVIDENCE GROUP CONTRACTOR
### MCLEAN, VA 22101
### (703) 855-6536
### (703) 533-0406 (FAX)

| Proposal Submit to :capitol city | Phone: 202-341-0104 | |
|---|---|---|
| Street: 1100 New York Ave | Job Name: Cap City | Date: 11-13-07 |
| City, State, Zip: Washington DC 2005 | Job Location: Washington dc | |
| Architect: Date of Plans: | | |
| | Job Phone:202-314-0104 | |

We hereby submit specifications and estimates for:

1) : all work to be performed in compliance with ( A D A ) specifications on dc code.
   - Preparation and clear debris on 2 bathrooms.
   - Demo old bathroom complete including old pipes & ground work for new plumbing.
   - Walls preparation and ( r-19) insulation.
   - A new ceramic tile floors on bathrooms and walls.
   - Primer with T-20 water base primer sealer, prior to painting unit.
   - Paint color undecided at time of this proposal, however paint cost is included in this estimate.
   - 82 feet of new baseboard for unit without existing baseboard.
   - Paint with semi-gloss one coat white.
   - Replace old cabinets and counter top.
   - new opening wall (82 inches long by 48 inches wide )
   - Demo floors complete and install durock boards for new tile installation.
   - Install new cabinets.
   - All electrical work is included on the price.
   - Demo old tile on all 3 walls to reframe and drywall.
   - Replace hood vent.
   - Remove over hanging by 12 inches diference.
   - Install new plumbing under the zinc for new faucet.
   - Up to 2 desings on walls.
   - Drywall ,plaster and paint complete.

With The Understanding That capitol city will provide faucets; plumbing and partitions, labor and materials included.

**WE PROPOSE** hereby to furnish material and labor — complete in accordance with above specifications for the sum of:

_____. Dollars ($_19,850.00_____).

Payment to be made as follows:
50% of Payment at contract acceptance. 50% when finished the work.

Down Payment Already Received

All material is guaranteed to be as specified. All work to be completed in a workmanlike manner according to standard practices. Any alteration or deviation from above specifications involving extra costs will be executed only upon written orders, and will become an extra charge over and above the estimate. All agreements contingent upon strikes, accidents or delays beyond our control.

Authorized
Signature x _____

Note: This proposal may be withdrawn by us if not accepted within _____ days.

## ACCEPTANCE OF PROPOSAL
— The above prices, specifications and conditions are satisfactory and are hereby accepted. You are authorized to do the work as specified. Payment will be made as outlined above.

Signature x _____

Date of Acceptance_ november 13 2007_____

Signature x _____

# EXHIBIT "D"

EXHIBIT

2

tabbies

Drawn by MR
Hallock DesignGroup

Men's Bathroom Floor Plan

EXHIBIT

3



Drawn by MR
Hatlock Design Group

Women's Bathroom Floor Plan

EXHIBIT

4



Women's Bathroom Floor Plan

Drawn by MR
Hideck DesignGroup

# EXHIBIT "E"

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DAVID C. SHARP
19301 Watkins Mill Road
Montgomery Village, MD 20886

      Plaintiff,

vs.

CAPITOL CITY BREWING COMPANY, LLC.
1100 New York Ave., NW
Washington, D.C. 20005

     Defendant.

## **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

T OFFICES
axwell & Barke
Monroe Place
ite 806
ckville, MD 20850
.309.8300

## Architectural Barriers to Access

8.    There are architectural barriers at the Restaurant, which include but are not limited to the following:

a)    The "accessible" toilet stall is too narrow to accommodate a wheelchair;

LAW OFFICES
Maxwell & Barke
Monroe Place
te 806
ckville, MD 20850
.309.8300

b)    The "accessible" toilet stall lacks adequate and compliant grab bars;

c)    There is insufficient knee clearance provided at the common use lavatory.

9.    By failing to remove existing architectural barriers, Capitol has discriminated against persons with disabilities, specifically those with mobility impairments, by denying them full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered at the Restaurant, in violation of Title III of the ADA, specifically 42 U.S.C. §12182 (a).

**Failure to Remove Barriers and/or**
**Modify Policies:  Unlawful Discrimination**

10.    Capitol has failed to remove the above mentioned architectural barriers at its Restaurant and make reasonable modifications in its policies, practices and procedures to afford full and equal access and enjoyment of the Restaurant by persons with disabilities covered by Title III of the ADA, in violation §42 U.S.C. 12182(b)(2)(A).

OFFICES
axwell & Barke
Monroe Place
ite 806
ckville, MD 20850
.309.8300

infringed upon until all architectural

# EXHIBIT "F"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DAVID C. SHARP | ) |
|  | ) |
| Plaintiff | ) |
|  | ) |
| v. | ) Case No: 1:07-CV-02035-RCL |
|  | ) |
| CAPITOL CITY BREWING COMPANY, LLC | ) |
| 1612 U Street, N.W., Suite 400 | ) |
| Washington, D.C. 20009 | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

**ANSWER**

-2-

8.    Denied.

9.    Denied.

10.    Denied.

# EXHIBIT "G"

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

David C. Sharp

    Plaintiff,

vs.                  CASE NO.: 07-cv-2035

Capitol City Brewing Company, LLC.

    Defendant.

## AFFIDAVIT OF MICHAEL CHENAIL

I, Michael Chenail, hereby affirm under the penalties of perjury that the contents of the following affidavit are true and correct to the best of my knowledge, information and belief:

1.    I am employed by Compliance Alliance, a consulting firm specializing in compliance with Title III of the  Americans with Disabilities Act and am frequently retained by business owners and attorneys involved in litigation to conduct surveys of places of public accommodations to identify architectural barriers to access and make recommendations for the removal of the architectural barriers violative of Title III of the Americans with Disabilities Act ("ADA").   I have conducted and/or participated in hundreds of ADA compliance surveys since 1992.

2.    I was retained by plaintiff in this case to review an estimate from The Providence Group Contractor, and three drawings, one of a proposed plan for the men's toilet room, and two proposals for the women's toilet room.  Upon my review, I conclude for the reason set forth below, that the work described in the estimate and set forth on the plans will not fully remediate the ADA barriers present at defendant's restaurant, the Capitol City Brewing Company

1

restaurant located in Washington, D.C. and moreover, if implemented, will create additional barriers.

3.     Indeed, these plans demonstrate a certain unfamiliarity with the mandates of the ADA Accessibility Guidelines for Buildings and Facilities (Appendix A to 28 CFR Part 36) and with all candor, I have little confidence that the finished product will be compliant with the ADA if these plans are followed.

4.     The estimate from the Providence Group Contractors, for example, fails to provide any dimensions of the accessible toilet stalls, nor for the purchase of grab bars. It appears that the estimate is for a general remodeling job, without regard for the ADA requirements, despite the self-serving statement that precedes the description of the work that the "...work will be completed to ADA specifications."

5.     The drawings submitted by Hallock Design Group contain obvious errors, such as the placement of the flush controls. Also, the side and rear grab bars in the accessible toilet stalls appear to be the same size, but a side grab bar is required to be 6" longer than a rear grab bar in a standard accessible toilet stall. There are no dimensions to show the height of the grab bars above the floor and no indication of where the fixtures will be located within the accessible toilet stall, i.e. toilet paper dispenser, or other fixtures within the toilet rooms, i.e. paper towel dispenser and soap dispensers. Also, though dimensions are not provided, it appears that the maneuvering clearances at the entry doors to the toilet rooms and the accessible toilet stalls are inadequate.

2

6.    Defendant's plans also fail to describe the type of faucet and door hardware that will be installed nor does the estimate indicate the type of faucet and door hardware that will be purchased.

7.    It is my opinion, that if the remodeling of the toilet rooms are completed in a manner consistent with defendant's documents, then some of the barriers to access cited by plaintiff in his complaint will not be remediated, and others will be created.

8.    After reviewing defendant's documents, my opinion, as set forth in my affidavit attached to plaintiff's Motion for Summary Judgment, has not changed, and that if the plan I recommended is ordered to be implemented by the Court, the toilet rooms will be compliant with the ADA.


4/10/2008
Date

*Michael Chenail*
Michael Chenail

3