UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

David C. Sharp

    Plaintiff,

vs.   CASE NO.: 07-cv-2035

Capitol City Brewing Company, LLC.

    Defendant.

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Contrary to defendant's assertion, this case is not moot as plaintiff is not already obtaining the relief he seeks as suggested by defendant, and only by denying defendant's Motion for Summary Judgment, and granting plaintiff's countervailing Motion for Summary Judgment, will plaintiff's injuries be adequately redressed.

A Title III ADA case alleging architectural barriers to access cannot be moot until the architectural barriers have been removed. See Parr v. L & L Drive-Inn Restaurant, 96 F. Supp. 1065, at 1087 (D. Hawaii 2000), where the Court held that only the claims that dealt with barriers that defendant had already fixed were moot. In this case, defendant has confirmed that none of the architectural barriers have been removed, i.e. fixed, so all of plaintiff's claims are "live" and will be redressed by a favorable decision. Id at 1087. Defendant has cited no authority supporting its position that a plan to remove architectural barriers warrants dismissal of a Title III ADA case.

1

An unenforceable promise to remove the barriers cannot nor should it moot a Title III ADA case, especially, where, as here, the underpinnings of the promise are flawed. If a defendant were able to avoid the entry of an injunction based upon a promise to fix something, then the ADA would be rendered unenforceable. Application of the holding of <u>Sheely v. MRI Radiology Network, P.A.</u> 505 F.3d 1173 (11th Cir. 2007) is inapposite here, as that case dealt with a written policy rather than architectural barriers. Written policies are easily changed, and if the Court is convinced that the change is sincere, and not implemented as a result of the litigation or to avoid an adverse judgment, then the case can be moot. See <u>Sheely</u>, supra.

In this case, the issue is not one of policy, but of physical barriers, which, until their removal, despite all of the promises in the world, are ongoing and persistent discriminatory acts. Here, defendant has promised to remedy the architectural barriers within its toilet rooms. Yet, despite a vague statement from its contractor in the contract, there are absolutely no assurances that the completed work will comply with the ADA, nor that the work will remediate the barriers encountered by plaintiff. Indeed, defendant offers no affidavits from an ADA expert or other person who professes to have knowledge of the requirements of the ADA to affirm for the Court and plaintiff that the plans meet the requirements of the ADA. In fact, the one person with knowledge of the requirements of the ADA who has reviewed the plans has stated

under oath that the plans do not adequately address plaintiff's concerns and contain fundamental errors. Despite the impreciseness of the plans and the vagueness of the contract provided by defendant from the Providence Group Contractor, plaintiff's ADA expert, Michael Chenail, states that in his opinion, the plans contain obvious errors, and not only do they fail to adequately address the barriers alleged by plaintiff, if the work is completed in conformance with these plans, new barriers will be created. See Attached Exhibit "A", affidavit of Michael Chenail, (previously filed as an exhibit to plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Summary Judgment.)

Accordingly, this case is not moot on the basis of defendant's "promise to fix," and defendant is not entitled to summary judgment so long as the barriers remain at the restaurant, and the threat of future harm to plaintiff remains imminent and ongoing. See, Levy v. Mote, 104 F. Supp.2d 538 (D. Md. 2000), citing Proctor v. Prince George's Hosp. Center, 32 F. Supp. 830 (D. Md. 1998). Unless and until the threat of future harm is eliminated, i.e. the removal of the architectural barriers, judgment in favor of defendant is not warranted.

## CONCLUSION

Based upon the foregoing, defendant's Motion for Summary Judgment should be denied.

Respectfully submitted:

_____/s/_____
Joel R. Zuckerman
D.C. Bar No. 480152
Maxwell & Barke LLC
*Attorneys for Plaintiff*
51 Monroe St., Suite 806
Rockville, Maryland 20850
Telephone: (301) 309-8300
Facsimile: (301) 309-8303

Certificate of Service

I hereby certify that on April 17th, 2008, I furnished a true and correct copy of the foregoing document, via this Court's ECF System:

Elizabeth Menist
700 E. Street, SE
Washington, D.C. 20003

/s/
_____
Joel R. Zuckerman

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

David C. Sharp

    Plaintiff,

vs.                    CASE NO.: 07-cv-2035

Capitol City Brewing Company, LLC.

    Defendant.

### PLAINTIFF'S RULE 7(h)
### STATEMENT OF MATERIAL FACTS
### AS TO WHICH THERE IS NO GENUINE ISSUE

1. Plaintiff David C. Sharp is an individual with a disability, and requires the use of a wheelchair for mobility. **Exhibit "A" to Plaintiff's Motion for Summary Judgment, paragraph 2.**

2. Plaintiff visited defendant's place of public accommodation, a restaurant, known as the Capitol City Brewing Company ("Restaurant"), located at 1100 New York Avenue, Washington, D.C. Plaintiff intends to return to the restaurant. **Exhibit "A" to Plaintiff's Motion for Summary Judgment, paragraph 6.**

3. Defendant owns and operates the Restaurant. **Answer to Complaint, paragraph 5.**

4. Plaintiff encountered the barriers to access set forth in his complaint during his visit to the Restaurant. **Exhibit "A" to Plaintiff's Motion for Summary Judgment, paragraph 6.**

5.  Plaintiff was unable to enter the "accessible" toilet stall because it was too narrow, and was unable to use the sink in the toilet room because a panel located underneath the counter top prevented him from being able to maneuver his wheelchair close enough to reach the faucet controls.  **Exhibit "A" to Plaintiff's Motion for Summary Judgment, paragraph 6.**

6.  The accessible toilet stall is less than 60" wide.  **Exhibit "A" to Plaintiff's Motion for Summary Judgment, paragraph 6.**

7.  There is a panel underneath the sink counter top that prevents Mr. Sharp from being able to pull his wheelchair close enough to the faucet controls to be able to use the sink.  **Exhibit "A" to Plaintiff's Motion for Summary Judgment, paragraph 6.**

8.  The removal of the architectural barriers to access at the Restaurant is both readily achievable and technically feasible.  **Generally, Exhibit "C" to plaintiff's Motion for Summary Judgment, affidavit and report of Michael Chenail.**

9.  Defendant concedes that the men's toilet room at its restaurant is not now, nor at the time the lawsuit was filed, readily accessible to plaintiff and compliant with the ADA.  See generally, defendant's Motion for Summary Judgment.

Respectfully submitted:


_____/s/_____
Joel R. Zuckerman
D.C. Bar No.
Maxwell & Barke LLC
*Attorneys for Plaintiff*
51 Monroe St., Suite 806
Rockville, Maryland 20850
Telephone:    (301) 309-8300
Facsimile:    (301) 309-8303


Certificate of Service

   I hereby certify that on April 17th, 2008, I furnished a true and correct copy of the foregoing document, via this Court's ECF System:

   Elizabeth Menist
   700 E. Street, SE
   Washington, D.C. 20003


/s/
_____
Joel R. Zuckerman

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

David C. Sharp

    Plaintiff,

vs.                  CASE NO.: 07-cv-2035

Capitol City Brewing Company, LLC.

    Defendant.

## AFFIDAVIT OF MICHAEL CHENAIL

I, Michael Chenail, hereby affirm under the penalties of perjury that the contents of the following affidavit are true and correct to the best of my knowledge, information and belief:

1. I am employed by Compliance Alliance, a consulting firm specializing in compliance with Title III of the Americans with Disabilities Act and am frequently retained by business owners and attorneys involved in litigation to conduct surveys of places of public accommodations to identify architectural barriers to access and make recommendations for the removal of the architectural barriers violative of Title III of the Americans with Disabilities Act ("ADA"). I have conducted and/or participated in hundreds of ADA compliance surveys since 1992.

2. I was retained by plaintiff in this case to review an estimate from The Providence Group Contractor, and three drawings, one of a proposed plan for the men's toilet room, and two proposals for the women's toilet room. Upon my review, I conclude for the reason set forth below, that the work described in the estimate and set forth on the plans will not fully remediate the ADA barriers present at defendant's restaurant, the Capitol City Brewing Company

1

restaurant located in Washington, D.C. and moreover, if implemented, will create additional barriers.

3. Indeed, these plans demonstrate a certain unfamiliarity with the mandates of the ADA Accessibility Guidelines for Buildings and Facilities (Appendix A to 28 CFR Part 36) and with all candor, I have little confidence that the finished product will be compliant with the ADA if these plans are followed.

4. The estimate from the Providence Group Contractors, for example, fails to provide any dimensions of the accessible toilet stalls, nor for the purchase of grab bars. It appears that the estimate is for a general remodeling job, without regard for the ADA requirements, despite the self-serving statement that precedes the description of the work that the "...work will be completed to ADA specifications."

5. The drawings submitted by Hallock Design Group contain obvious errors, such as the placement of the flush controls. Also, the side and rear grab bars in the accessible toilet stalls appear to be the same size, but a side grab bar is required to be 6" longer than a rear grab bar in a standard accessible toilet stall. There are no dimensions to show the height of the grab bars above the floor and no indication of where the fixtures will be located within the accessible toilet stall, i.e. toilet paper dispenser, or other fixtures within the toilet rooms, i.e. paper towel dispenser and soap dispensers. Also, though dimensions are not provided, it appears that the maneuvering clearances at the entry doors to the toilet rooms and the accessible toilet stalls are inadequate.

6. Defendant's plans also fail to describe the type of faucet and door hardware that will be installed nor does the estimate indicate the type of faucet and door hardware that will be purchased.

7. It is my opinion, that if the remodeling of the toilet rooms are completed in a manner consistent with defendant's documents, then some of the barriers to access cited by plaintiff in his complaint will not be remediated, and others will be created.

8. After reviewing defendant's documents, my opinion, as set forth in my affidavit attached to plaintiff's Motion for Summary Judgment, has not changed, and that if the plan I recommended is ordered to be implemented by the Court, the toilet rooms will be compliant with the ADA.

4/10/2008
Date

Michael Chenail
Michael Chenail

3